UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KIMANI KHARY RODNEY BEAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-130-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Kimani Bean's Motion to Continue the Trial and All Associated Deadlines [Doc. 14], filed on October 20, 2026.

Defendant asks the Court to continue the December 1, 2026 trial date, to extend the October 20 motion deadline, and to reset all pretrial deadlines [*Id.* at 1]. As grounds, Defendant states that the initial discovery is voluminous, defense counsel received supplemental discovery within the last week, and counsel anticipates "additional, substantial discovery production from the Government" [*Id.* ¶ 1]. He submits that due to the volume of discovery including recent supplemental discovery, counsel needs more time to evaluate the discovery, to review the discovery with Defendant, to investigate the factual and legal aspects of the case, to engage in plea negotiations, and to prepare the case for trial [*Id.* ¶ 2]. Defendant is aware of his constitutional and statutory speedy trial rights and waives them for the purpose of this motion [*Id.* ¶ 3]. Defendant also agrees that the ends of justice served by a trial continuance outweigh his and the public's interest in a speedy trial [*Id.*]. Although counsel was not able to learn the Government's position

on the motion before filing [*id.* ¶ 3], the Government responded that it does not oppose Defendant's motion [Doc. 15 p. 1].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to complete the review of discovery, confer with Defendant, investigate the case including the need for pretrial motions, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 1, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue the Trial and All Associated Deadlines [**Doc. 14**]. The trial of this case is reset to **March 2, 2027**, and a new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 20, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue the Trial and All Associated Deadlines [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 2, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 20, 2026**, and the new trial date of **March 2, 2027**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **November 20, 2026**. Responses to motions are due on or before **December 4, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 29, 2027**;

(6) the deadline for filing motions *in limine* is **February 12, 2027**, and responses to motions *in limine* are due on or before **February 23, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 16, 2027, at 1:15 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 19, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge